IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Nancye M. O'Neal, | ) | C/A No. 4:11-cv-01239-TLW-KDW |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Wal-Mart Stores East LP, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant Wal-Mart Stores East LP's ("Defendant" or "Wal-Mart") Motion to Dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. ECF No. 35. Plaintiff Nancye M. O'Neal ("Plaintiff" or "O'Neal"), in her Amended Complaint (ECF No. 31), alleges causes of action against her former employer under Title VII of the Civil Rights Act of 1964, as amended, for age and sex discrimination (failure to promote), and for hostile work environment. She also alleges a cause of action for constructive discharge. Defendant argues in its Motion to Dismiss that both the cause of action for hostile work environment and the cause of action for constructive discharge fail to state a claim pursuant to Rule 12(b)(6), and that the claim for hostile work environment exceeds the scope of Plaintiff's EEOC Charge of Discrimination, thereby depriving the court of subject matter jurisdiction pursuant to Rule 12(b)(1). The age and sex discrimination (failure to promote) claim is not a subject of the Motion to Dismiss.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73.02(B)(2)(g), D.S.C. Because the

motion to dismiss is dispositive, this report and recommendation is entered for the district judge's consideration.

I. LACK OF SUBJECT MATTER JURISDICTION UNDER RULE 12(b)(1)

Defendant first argues that Plaintiff's cause of action alleging hostile work environment in violation of Title VII should be dismissed because it exceeds the scope of her EEOC charge, thereby depriving the court of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. In order to pursue a claim in federal court for violation of Title VII, a plaintiff must first file a timely administrative charge and receive a notice of right to sue. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974); 42 U.S.C. sec. 2000e-5(e)(1); 29 U.S.C. sec. 626(d)(1)(B). Moreover, "[t]he scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents. Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent . . .lawsuit." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (internal citations and quotation marks omitted). If a plaintiff fails to exhaust her administrative remedies, that failure deprives the federal courts of subject matter jurisdiction over that claim. *Id.*

Where a charge alleges only disparate treatment discrimination, claims of hostile work environment harassment are not sufficiently related to the initial charge to entitle the charging party to raise them in a subsequent lawsuit. *See Malhotra v. KCI Techs., Inc.*, No. 06-1018, 2007 WL 2025197 (4th Cir. Jul 11, 2007) (dismissing national origin harassment claim where charge only alleged disparate treatment on the basis of national origin); *Clarke v. O'Neil*, No. 03-1114, 2003 WL 22795150 (4th Cir. Nov. 24, 2003) (Plaintiff could not proceed with hostile work environment claim where charge was "limited to three . . . acts of alleged disparate treatment.").

Here, Plaintiff's EEOC charge does not expressly allege hostile work environment based age or sex.[1] Her charge states:

> I applied for an open position in a proper and timely manner and met the qualifications. A younger, less experienced male was chosen for the position. I was well qualified and held the position for 2 years at another location. I was told to "swallow my pride" and train the new guy because he is "really going to need me". I was also subjected to comments relating to needing a man in this Department to help out with the heavy work…I found conditions so intolerable that I did as any reasonable person would have done and resigned.

ECF No. 35-8 at 2. Plaintiff argues that a "hostile environment claim could be expected to follow from a reasonable administrative investigation of her claims," and that the allegations of a "denial of a promotion, a requirement that she train the lesser qualified candidate, subsequent inappropriate comments, and constructive discharge 'signal' a hostile environment claim." ECF No. 41 at 7. The undersigned disagrees. "Discrete acts constituting discrimination or retaliation claims…are different in kind from a hostile work environment claim that must be based on severe and pervasive discriminatory intimidation or insult." *Lester v. Natsios*, 290 F.Supp.2d 11, 33 (D.D.C. 2003), *cited with approval in Bailey v. Int'l Paper,* C/A No. 2:11-3013-PMD-BM, 2012 WL 405719 (D.S.C. Jan. 13, 2012). Charges based on a different theory of discrimination than was raised in the charge are barred. *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d. 124, 133 (4th Cir. 2002).

The South Carolina District Court recently granted a Rule 12(b) motion to dismiss on the basis that the plaintiff's allegations of hostile work environment exceeded the scope of her

---

[1] Although Plaintiff's Amended Complaint refers to exhaustion of her administrative rights with the EEOC and to receiving her Notice of Right to Sue, Plaintiff did not attach a copy of the Discrimination Charge. *See* ECF No. 31. The EEOC Charge is a matter of public record, however, and "a court may consider matters of public record, items appearing in the record of the case, as well as exhibits attached to the complaint" without converting a Rule 12(b)(6) motion to a motion for summary judgment. *Norfolk Federation of Business Districts v. City of Norfolk*, No. 96-1746, 1996 WL 671293 (4th Cir. Nov. 20,1996).

EEOC race discrimination charge. In *Parker v. Magna Innertech-Spartanburg*, C/A no. 6:09-773-HFF-WMC, 2009 WL 5178016, (D.S.C. Dec. 8, 2009) *adopted in relevant part by Parker v. Magna Innertech-Spartanburg*, C/A 6:09-773-HFF-WMC, 2009 WL 5178014 (Dec. 29, 2009), the plaintiff set forth in her charge that the human resources manager "made comments stating they needed to bring in more Germans and Canadians" and that the interim manager "made derogatory comments about the Black employees." *Parker*, at *3. The court dismissed the hostile work environment claim, holding plaintiff's argument that the charge made "inherent" and "implied" allegations of … racially hostile work environment was "meritless". *Parker*, at *3. The court stated, "[T]o accept such an argument…would render the EEOC charge and investigatory and conciliatory process pointless. The very purpose of the EEOC charge is to put the EEOC and the employer on notice of an allegation of discrimination. The plaintiff put the EEOC and Innertech on notice of a charge of race discrimination related to the termination of her employment." *Parker,* at *3. Likewise, in the present case, O'Neal's charge puts Wal-Mart on notice of sex and race discrimination charges of failure to promote. The references to "comments relating to needing a man in this Department to help out with the heavy work" and to being "told to train the new guy" are not sufficient to put Defendant on notice of a claim of hostile work environment.

For the foregoing reasons, Plaintiff's claim of hostile work environment in violation of Title VII should be dismissed because it is outside the scope of Plaintiff's EEOC charge, depriving the court of subject matter jurisdiction.

## II. FAILURE TO STATE A CLAIM UNDER RULE 12 (b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires complaints to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Complaints that fail to meet this standard are subject to dismissal under Federal Rule of Civil Procedure Rule 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint." *F.T.C. v. Innovative Mktg., Inc.,* 654 F. Supp.2d 378, 384 (D. Md. 2009). The Supreme Court recently held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 129 S .Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged*." Id*. at 1949 (citing *Twombly,* 127 S. Ct. 1955). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950; *see also Harman v. Unisys Corp.,* No. 09–1298, 2009 WL 4506463, at *2 (4th Cir. Dec.4, 2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. The Court further noted that "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

A. Hostile Work Environment Claim

Defendant argues that Plaintiff's hostile work environment claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In order to plead adequately a hostile work environment claim, a plaintiff must allege facts to show that 1) she was subject to unwelcome conduct in a work related setting; 2) the conduct complained of was based on her gender or race; 3) the conduct was sufficiently severe or pervasive to alter her conditions of employment and to create an abusive work environment; and 4) the conduct was imputable on some factual basis to her employer. *Ocheltree v. Scollon Productions, Inc.*, 308 F.3d 351, 356(4th Cir. 2002), *rehearing en banc*, 335 F.3d 325 (4th Cir. 2003), *cert. denied*, 540 U.S. 1177 (2004*); Spicer v. Com. of Va. Dep't of Corrections*, 66 F.3d 705. 710 (4th Cir. 1985); *Brown v. Perry*, 184 F.3d 388, 393 (4th Cir. 1999).

Plaintiff's Amended Complaint sets forth her cause of action for hostile work environment as follows:

> 22. During the course of the Plaintiff's employment with the Defendant, she was unlawfully, willfully, wantonly, and/or recklessly subjected to conduct that was unwelcome, including
>
> A. Denial of Promotions;
> B. Refusal to act, investigate, and adequately remedy her complaints of sex/age discrimination;
> C. Requirement that she train Mr. McLure for the position in question, even though he was supposedly more qualified than she;
> D. Denying transfers to other stores for pretextual reasons; and
> E. Being forced to endure comments related to her denial of promotion by fellow employees and management personnel alike.
>
> 23. The unwelcome conduct Plaintiff was subjected to by the Defendant was based on sex/age.
>
> 24. The unwelcome conduct Plaintiff was subjected to by the Defendant was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive atmosphere.

> 25. Plaintiff complained/attempted to complain of the unwelcome conduct to the Defendant, its agents and/or employees, but no corrective action was ever taken.
>
> 26. The unwelcome conduct complained of caused the Plaintiff to be constructively discharged from her employ on or about June 18, 2009.

ECF No. 31 ¶¶ 22-26.

Plaintiff's allegations regarding denial of promotions, refusal to investigate, and denial of transfers are claims of disparate treatment, simply restating her discrimination claim. ECF No. 31 ¶22 (A),(C),(E). As such, they "cannot be transformed into a hostile work environment claim unless the facts alleged meet the separate criteria for a hostile work environment claim." *Bailey*, 2012 WL 405719. *See Kilby-Robb v. Spellings*, 522 F. Supp. 2d 148, 164 (D.D.C. 2007) (holding that alleged acts of disparate treatment cannot be transformed, without more, into a hostile work environment claim). "The dangers of allowing standard disparate treatment claims to be converted into a contemporaneous hostile work environment claim are apparent. Such an action would significantly blur the distinctions between both the elements that underpin each cause of action and the kinds of harm each cause of action was designed to address." *Parker v. State Dep't. of Public Safety*, 11 F. Supp. 2d 467, 475 (D.Del. 1998).

Moreover, Plaintiff's allegations are simply insufficient to state a claim for hostile environment in violation of Title VII. The Supreme Court has held that "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire" do not create a hostile work environment since that claim, by its "very nature[,] involves repeated conduct." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114-16 (2002). Rather, a plaintiff must show that her "workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [her] employment and create[] an abusive working

environment." *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 78 (1998) (citation omitted); *see also Nat'l R.R. Passenger Corp.*, 536 U.S. at 114-16.

O'Neal's allegations of "denial of promotions", a "requirement that she train Mr. McLure for the position in question, and "denying transfers" are discrete acts and do not involve the type of repeated conduct needed to state a claim for hostile environment under Title VII. Likewise, her allegation that she was "forced to endure comments related to her denial of promotion by fellow employees and management personnel alike" falls far short of showing a workplace that is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment." *Oncale v. Sundowner Offshore Servs*. 523 U. S. at 78 (1998).

Plaintiff's claim that defendant "refus[ed] to act, investigate, and adequately remedy her complaints of sex/age discrimination" contains insufficient factual matter to state a claim that is "plausible on its face." *See Twombley*, at 570. *See also Barcliff v. N.C. League of Municipalities,* No. 5:10-cv-244-D, 2011 WL 3290578 (E.D.N.C. Jan. 25, 2011) (dismissing claims of discriminatory failure to train and promote where the Plaintiff failed to allege critical details such as what precise training opportunity or promotion was denied, when they were denied, and who the comparators were). The remainder of Plaintiff's allegations with regard to her hostile environment claim[2] are legal conclusions and recitals of the elements of the cause of action, not enough to state a claim for hostile environment under Title VII.

Therefore, the undersigned recommends that Plaintiff's cause of action for hostile work environment should be dismissed.

---

[2] *See* Am. Compl., ECF No. 31 ¶¶ 23-26.

B. Constructive Discharge Claim

Defendant also argues that Plaintiff's cause of action for constructive discharge should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). To state a cause of action for constructive discharge, a plaintiff must allege "(1) deliberateness of the employer's actions and (2) intolerability of the working conditions." *Whitten v. Fred's Inc.*, 601 F.3d 231, 248 (4th Cir. 2010) (internal quotation marks and citations omitted).

To plead the deliberateness element properly, a plaintiff must allege that "the actions complained of were intended by the employer as an effort to force [her] to quit." *Whitten v. Fred's Inc.*, 601 F. 3d 231, 248 (4th Cir. 2010). Although Plaintiff's Amended Complaint alleges that Defendant "created Plaintiff's intolerable working conditions in a deliberate effort to force her to resign," ECF No. 31 ¶ 28, she pleads no facts elaborating on this, simply reciting the element of the cause of action. This type of "threadbare" pleading will not survive a 12(b)(6) motion. *See Iqbal*, 129 S. Ct. at 149 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

Nor has O'Neal sufficiently alleged the intolerability element. "Whether an employment environment is intolerable is determined from the objective perspective of a reasonable person. However, mere dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign." *Heiko v. Colombo Savings Bank, F.S.B.*, 434 F. 3d 249, 262 (4th Cir. 2006) (internal quotation marks and citations omitted). In fact, the Fourth Circuit has specifically held that "the denial of a single promotional opportunity is insufficient to create an intolerable working environment," *Id.* at 263 (internal citations and quotation marks omitted). The court in *Gadsden v. Florence Cnty. Sch. Dist. 4,* No. 4:06-cv-3342-RBH, 2008 WL 320196, (D.S.C. Feb. 4, 2008),

9

discussing the "intolerability standard" for constructive discharge claims stated: "An employee is protected from a calculated effort to pressure him into resignation through the imposition of unreasonably harsh conditions, in excess of those faced by his co-workers. He is not, however, guaranteed a working environment free of stress." *Id*. at *5. *See Williams v. Giant Food Inc.,* 370 F.3d 423, 434 (4th Cir. 2004) (holding that the employee's allegations that supervisors yelled at her, told her she was a poor manager, gave her poor evaluations, chastised her in front of customers, and once required her to work with an injured back did not establish objectively intolerable working conditions as required to support a claim of constructive discharge under federal law.) Plaintiff's allegations of being made to train another person for the position she wanted and of being forced to endure comments related to the denial of her promotion are simply not enough to state a claim for constructive discharge.

Accordingly, the undersigned recommends that Plaintiff's cause of action for constructive discharge be dismissed.

III. CONCLUSION

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED, and that Plaintiff's causes of action for hostile work environment, and for constructive discharge be dismissed.

IT IS SO RECOMMENDED.

April 3, 2012  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge