IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Nancye M. O'Neal, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. 4:11-1239-TLW-KDW |
| Wal-Mart Stores East LP, | ) | |
| Defendant. | ) | **ORDER** |

On May 23, 2011, Plaintiff Nancye M. O'Neal, ("Plaintiff"), brought this civil action asserting claims of employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. (Title VII), as well as a claim of constructive discharge. (Doc. # 1). On September 16, 2011, Defendant Wal-Mart Stores East LP, ("Defendant"), moved to dismiss Plaintiff's claims of hostile work environment and constructive discharge. (Doc. # 35).

The matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Kaymani D. West to whom this case had previously been assigned. In the Report, the Magistrate Judge recommends that Defendant's Motion to Dismiss be granted as to both Plaintiff's hostile work environment and constructive discharge claims. (Doc. # 59). Plaintiff filed objections to the Report to which Defendant replied. (Docs. # 60 and # 62).

In conducting its review, the Court therefore applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo*

or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections filed by the Plaintiff. After careful review of the Report and objections thereto, the Court accepts the Report insofar as it recommends dismissal of Plaintiff's hostile work environment claim as exceeding the scope of the EEOC charge. Although the Court finds the balance of the Magistrate Judge's analysis to be well-reasoned, thoughtful and grounded in sound legal citation, the Court chooses not to accept the Report insofar as it recommends dismissal of Plaintiff's claim for constructive discharge. The Court finds it a close question as to whether Plaintiff has pled sufficient facts on her constructive discharge claim to survive a Rule 12 motion. However, the Court opts to permit that claim to go forward.

In sum, the Court hereby **ACCEPTS IN PART** the Magistrate Judge's Report and Recommendation (Doc. # 59) and **GRANTS IN PART** Defendant's Motion to Dismiss. (Doc. # 35). Plaintiff's claim for hostile work environment is **DISMISSED**. Plaintiff's claim for constructive discharge survives this Rule 12 motion.

**IT IS SO ORDERED**.

                                                    s/Terry L. Wooten
                                                   TERRY L. WOOTEN
                                         United States District Judge

June 18, 2012
Florence, South Carolina