UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Nancye M. O'Neal,        ) | Civil Action No.: 4:11-cv-01239-RBH |
|                          ) | |
|    Plaintiff,            ) | |
| vs.                      ) | |
|                          ) | **ORDER** |
| Wal-Mart Stores East, L.P., ) | |
|                          ) | |
|    Defendant.            ) | |
| _____) | |

This is an action alleging failure to promote based on sex pursuant to Title VII, 42 U.S.C. § 2000e, *et seq*.; failure to promote based on age pursuant to 29 U.S.C. § 621-634; and constructive discharge.[1]

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. §636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

In conducting its review, the Court applies the following standard:

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections

---

[1] The claim for hostile work environment under Title VII (Plaintiff's Second Cause of Action) was dismissed by order of United States District Judge Terry L. Wooten to whom the case was previously assigned.

1

that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **Legal Standard for Summary Judgment**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of proving that judgment on the pleading is appropriate. Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id*. (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

In this case, defendant "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick County Commrs*, 845 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)). If defendant carries this burden, "the burden then shifts to the non-moving party to come forward with fact sufficient to create a triable issue of fact." *Id*. at 718-19 (citing *Anderson*, 477 U.S. at 247-48).

Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine

2

issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat a motion for summary judgment. *Id*. and *Doyle v. Sentry, Inc.*, 877 F. Supp. 1002, 1005 (E.D. Va 1995). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits (*see* Fed. R. Civ. P. 56(e)), depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Baber*, 977 F.2d 872, citing *Celotex Corp.*, supra. Moreover, the nonmovant's proof must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." *Mitchell v. Data Gen. Corp*., 12 F.3d 1310, 1316 (4th Cir. 1993); *DeLeon v. St. Joseph Hosp., Inc.*, 871 F.2d 1229, 1223 n. 7 (4th Cir. 1989).

### Report and Recommendation

In her Report and Recommendation filed on November 16, 2012, the Magistrate Judge recommends that the defendant's motion for summary judgment be granted. The plaintiff filed objections to the Report on December 3, 2012. Defendant filed a Response to the Objections on December 19, 2012.

Based on the briefs and information submitted, I find that there are no genuine issues of material fact precluding summary judgment.

### Facts

Plaintiff held various positions with Wal-Mart stores between 2001 and 2009. She began as a sales associate at Store #574 and was promoted to Department Manager in electronics. She worked for various other Wal-Mart stores and later transferred back to Store #574 as an hourly associate in the Lawn and Garden Department. The Department Manager position became vacant and plaintiff was asked to fill the position temporarily while the formal selection process occurred. After considering the applications of 65 applicants, interviews were held and the top two applicants were determined

to be Plaintiff and Travis McClure, an external candidate. McClure had previously served as Assistant Manager at a Circuit City store, which meant that he was the second highest member of management in the store. On a typical shift at Circuit City, he was responsible for supervising fifteen (15) to twenty (20) employees. (The Department Manager at Wal-Mart was responsible for supervising five (5) to six (6) employees on a typical shift.)

McClure was selected for the position. Plaintiff was asked to train McClure because he had never worked in lawn and garden. Plaintiff complained to management about the failure to promote her and was told that McClure had held a higher level position with Circuit City than the department manager position at Wal-Mart and that he was an unusually qualified candidate but that she would be a strong candidate for future vacant department manager positions. Plaintiff worked at Wal-Mart for a few more months but resigned her position in June of 2009. She went to work for Shoney's as a manager making a slightly higher salary than she was making at Wal-Mart but resigned after working there less than a month. She was offered another position at Wal-Mart but declined the offer because she wanted reinstatement without loss of seniority or benefits.

## **Plaintiff's Objections**

Plaintiff contends that her promotion claim under Title VII (discrimination because of sex) should withstand summary judgment. She relies upon the following: Assistant Store Manager Stiverson informed her that the person selected for the managerial position was "a young male at the age of 27"; Assistant Manager Banks stated during the investigation of Plaintiff's complaint that "it was wrong to deny [the plaintiff] the position, then expect her to train [the new manager]; and Mr. Stiverson did not deny that sex was a reason in his decision-making process but simply stated that he did not recall "how or if [he] did use sex as a reason." (Objections, p. 2)  Plaintiff does not specifically object to the dismissal of her age discrimination claim. Plaintiff's objections are only directed toward Title VII sex

discrimination and constructive discharge and not age.

Defendant asserts that the alleged statement by Stiverson to the plaintiff that he had hired "a young male at the age of 27" for the position was a description of the individual and does not reflect a discriminatory attitude. Regarding the comment by Banks that Wal-Mart should not have expected Plaintiff to train the new manager, where Plaintiff had also applied for the position, Defendant asserts that this comment in no way shows discrimination based on sex but rather was not a sensitive way to handle the situation. Finally, Defendant contends that the written statement by Stiverson to Human Resources during the investigation of the plaintiff's complaint does not constitute evidence of discrimination.  In that statement, he simply states that the decision had been made six months earlier and that he could not recall whether each candidate's sex played any part in the decision.

The Court agrees with the Magistrate Judge that Plaintiff has not shown direct evidence of discriminatory motive or pretext under the burden-shifting approach of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and that a reasonable fact finder could not infer that the employer's actions were motivated by sexual (or age-related) animus.  *See Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 960 (4th Cir. 1996)("Evans's unsubstantiated allegations and bald assertions concerning her own qualifications and the shortcomings of her co-workers fail to disprove (employer's) explanation or show discrimination.").  Although the plaintiff disagrees with the employer's decision, she has not shown that the decision resulted from discrimination.  Here, Plaintiff simply disagrees with the employer regarding what is more important, prior upper management experience at another company or prior experience at Wal-Mart as an hourly manager and in the lawn and garden department. It is not the function of the court to second guess such business decisions in the absence of discrimination.  *See EEOC v. Clay Printing Co.*, 955 F.2d 936, 946 (4th Cir. 1992).  Therefore, defendant's motion for summary judgment is granted on the First Cause of Action under Title VII and

5

the ADEA.

The Court has also reviewed the plaintiff's objections regarding the constructive discharge claim and finds them without merit. The defendant's motion for summary judgment is accordingly granted as to the Third Cause of Action for constructive discharge.

For the foregoing reasons, the undersigned overrules all objections, adopts the Report and Recommendation of the Magistrate Judge, and **GRANTS** the defendant's [67] motion for summary judgment.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Court Judge

March 5, 2013
Florence, South Carolina