IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Nancye M. O'Neal, | ) | Civil Action No.: 4:11-cv-1239-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Wal-Mart Stores East L.P., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This Court entered an order in this employment case on March 5, 2013, adopting the Report and Recommendation of the Magistrate Judge and granting the defendant's motion for summary judgment. Judgment was entered accordingly by the Clerk on the same date. Defendant filed a Bill of Costs on March 7, 2013 requesting costs totaling $1,494.75. Plaintiff has objected to certain portions of the bill of costs.

Prevailing parties are entitled to an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which provides: "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." The rule makes clear that, in the ordinary course, a prevailing party is entitled to an award of costs and there exists a presumption to that effect. *Cherry v. Champion Intl. Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). "To overcome the presumption, a district court 'must justify its decision [to deny costs] by 'articulating some good reason for doing so.'" *Id.*, *citing Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994). The expenses which may be taxed are listed in 28 U.S.C. § 1920 and Local Civil Rule 54.03.

Defendant's Bill of Costs is based upon an invoice from a court reporting service, EveryWord,

1

Inc., in relation to the deposition of the plaintiff. Plaintiff does not challenge the costs of $1262.80 for the original and one certified copy of the deposition and appearance fees of $80 for the first four hours and $20 for one additional hour. However, she asserts that Defendant is not entitled to costs for the following:

| | |
|---|---|
| UPS | $8.00 |
| Disc-E-trans Bundle, E-trans, Exhibits, PDF's (1 disc) | $35.00 |
| Exhibit copying and scanning (232 pages) | $81.20 |
| Exhibit binding and tabbing (31) | $7.75 |

The Court will consider each of the above items of costs in turn.

**UPS charges**

Local Rule 54.03 sets forth the costs that are "normally allowed" in this district. Subsection (H) provides for costs incident to taking depositions, including "postage". The court does not find the sum of $8.00 to be excessive for postage; if the court reporter had utilized U.S. Mail for delivery of a 232 page deposition, the cost would have probably been just as high. Therefore, this amount is approved.

**Disc-E-trans Bundle, E-trans, Exhibits, PDF's (1 disc)**

Local rule 54.03(H) allows an appearance fee, "costs of original transcription", and postage as costs incident to a deposition. This rule does not cover disk copies of depositions, which are for the convenience of attorneys in performing word searches. *See Fields v. General Motors Corp.*, 171 F.R.D. 234, 236 (N.D.Ill. 1997), cited in *Scallet v. Rosenblum*, 176 F.R.D. 522, 527 (W.D. Va. 1997). Therefore, this cost is denied.

**Exhibit copying and scanning** and **Exhibit binding & tabbing**

Subsection F of Local Rule 54.03(F) allows taxation of fees for exemplification and copies

2

of papers necessarily obtained for use in the case. It specifies as "not taxable" "(d) Copies of exhibits obtained for counsel's own use." It further specifies that discovery depositions "introduced as part of the record on motion for summary judgment if the prevailing party in the case prevails on summary judgment" are recoverable. Here, the defendant attached numerous deposition exhibits to its motion for summary judgment. The Court declines to tax the cost of exhibit binding and tabbing. However, the cost of deposition exhibit copying is allowable. The defendant has provided no itemization of the amount charged for the scanning of exhibits, which is not allowed. Therefore, the Court will award one-half of the cost of "exhibit copying and scanning" or $40.60.

For the reasons stated above, Defendant is awarded costs in the amount of **$1411.40**. These costs shall be included in the judgment of this Court.

**AND IT IS SO ORDERED.**

 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

April 11, 2013
Florence, South Carolina